IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TEWONDA JEAN, | § | |
| CULPEPPER-PRICE | § | |
| *Plaintiff.* | § | |
| v. | § | CIVIL NO. 6:16–CV–00322–JDL |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| *Defendant*. | § | |

## **MEMORANDUM OPINION AND ORDER**

On April 12, 2016, Plaintiff initiated this civil action pursuant to the Social Security Act, Section 205(g), for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. Plaintiff filed an opening brief (Doc. No. 15), to which the Commissioner filed a response (Doc. No. 16), and Plaintiff did not file a reply. For the reasons stated below, the Court **REMANDS** the ALJ's decision.

## **BACKGROUND**

On September 6, 2012, Plaintiff, Tewonda Jean Culpepper-Price, filed claims for disability insurance benefits and supplemental security income, which were subsequently denied both initially, on December 3, 2012, and upon reconsideration, on February 1, 2013. (Transcript ("Tr.") at 456, 365, 376.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on March 2, 2013. (*Id.* at 380–382.) The ALJ denied the claims on November 17, 2014. (*Id.* at 234–259.) On February 23, 2016, the Appeals Council denied a request for review. (*Id.* at 1–7.) Therefore, the ALJ's decision became the Commissioner's decision, *Sims v. Apfel,* 530 U.S. 103 106–07 (2000), and Plaintiff initiated this civil action for judicial review.

## **STANDARD**

1

Title II of the Act provides for federal disability insurance benefits while Title XVI provides for supplemental security income for the disabled. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner]'s, even if the evidence preponderates against the [Commissioner]'s decision." *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Anthony*, 954 F.2d 289, 295 (5th Cir. 1992) (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96–5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 F. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir.

1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the Court must do more than "rubber stamp" the ALJ's decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook*, 750 F.2d 391, 393 (5th Cir. 1985). The Court may remand for additional evidence if substantial evidence is lacking or "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

In order to determine whether a claimant is disabled, the Commissioner must utilize a five-step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435 (citing

3

*Harrel*, 862 F.2d at 475). Under the five–step sequential analysis, the Commissioner must determine at Step One whether the claimant is currently engaged in substantial gainful activity. At Step Two, the Commissioner must determine whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non–severe. Then, at Step Four, the Commissioner must determine whether the claimant is capable of performing his past relevant work. Finally, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)–(f) and 404.1520(b)(1)(f). An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id*. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in his November 17, 2014 decision:

1. The claimant has not engaged in substantial gainful activity since August 10, 2012, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following "severe" impairments: depressive disorder, paranoid personality disorder, borderline personality disorder, bipolar disorder, schizotypal personality disorder, avoidant and antisocial personality disorders, negativistic and dependent personality disorders (20 CFR 416.920(c)). The claimant's chronic fatigue and chronic pain do not fulfill the definition of a medically determinable impairment.

> There is a diagnosis of osteoarthritis by the treating doctor without supporting documentation so that diagnosis is treated as "non-severe." The DDS consultants were unable to identify any pain generating impairment. The claimant's asthma, hepatitis C, and hypertension do not interfere with the ability to work and are therefore considered "non-severe."
>
> 3. I agree with the DDS consultants and the Medical Expert that the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I agree with the DDS consultants and the Medical Expert that the impairments reasonably result in a residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can maximally understand, remember and carry out detailed but not complex instructions, make decisions, accept instructions, attend and concentrate for 2-hour period, and the claimant is also restricted to occasional contact with the public.
>
> 5. The claimant is able to perform past relevant work at the medium, semi-skilled level (20 CFR 416.965) within the assigned residual functional capacity.
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since August 10, 2012, the date the application was filed (20 CFR 416.920(g)).

(Tr. at 239–254.)

The ALJ determined that Plaintiff is not disabled under section 16149(a)(3)(A) of the Social Security Act. (*Id*. at 254.)

## ANALYSIS

Plaintiff alleges that the ALJ erred by: (1) failing to properly develop the record; (2) failing to find that Plaintiff's left hip pain and obesity constitute a severe impairment; and (3) failing to properly weigh all of the medical opinions in the record. (Doc. No. 15 at 7, 10, 13.)

### 1. ALJ's Failure to Develop the Record

Plaintiff contends that the ALJ failed to fully develop the record by failing to obtain additional evidence by not ordering a pain consultative examination ("CE"). (Doc. No. 15 at 13, 16.) Plaintiff suffers from ongoing hip pain and received a secondary diagnosis of hip

5

osteoarthritis on February 25, 2014, which, although not permanent, was suspected to last greater than six months. (Tr. at 736.) Plaintiff has documented instances of complaints of left hip pain exasperated by movement dating back to April 30, 2013. (*Id*. at 647.) The ALJ found Plaintiff's testimony of her limitations "to be sincere and genuine and, if taken as true, would not permit the performance of even sedentary work on a sustained basis," but that he could not make the decision without objective medical evidence. (*Id*. at 254.) Without a known impairment producing Plaintiff's pain, the ALJ stated the pain was "therefore disproportionate to medical expectations. If the pain had been considered reasonable, benefits would have been granted. The disproportionality became the stumbling block to award benefits." (*Id*. at 244.)

The 5th Circuit has repeatedly held that a Plaintiff demonstrates sufficient grounds for remand where the ALJ's decision is unsupported by substantial evidence such as where the ALJ lacks sufficient facts to make an informed decision by failing to "carry out his responsibility for 'full inquiry' to obtain . . . medical evidence through consultative services *he deems warranted*." (emphasis added). *McGee v. Weinberger*, 518 F.2d 330, 332 (5th Cir. 1975). The duty to re-contact a treating physician is no longer a mandatory standard but a discretionary standard. *Stancle v. Colvin,* No. 4:15-CV-00405-CAN, 2016 WL 3172784, at *14 (E.D. Tex. June 7, 2016). If the ALJ determines the record is insufficient or inconsistent the ALJ must try to resolve the inconsistency or insufficiency pursuant to 20 CFR § 416.920b(2). 20 CFR 416.920b. Additionally, where there is unexplained pain and it is the reason for denying benefits, the ALJ cannot "simply deny the claim without obtaining a consultative examination," as the "facts cry out for confirmation or refutation by a qualified expert." *Davis v. Califano*, 599 F.2d 1324, 1326–1327 (5th Cir. 1979).

Plaintiff alleges the ALJ failed to fully and fairly develop the record by failing to re-contact Dr. Scribner to seek clarification of missing findings, and by denying her benefits without a Pain CE. (Doc. No. 15, at 13, 18.) The ALJ stated that "a Treating Source may be re-contacted to perform a consultative examination to clarify any missing findings and it would be entirely appropriate to ask that this be done in this case." (Tr. at 251.) However, the ALJ did not re-contact Dr. Scribner, but instead stated "I have been informed in other cases that such a request cannot be effectuated." (*Id*.) While the decision to re-contact a treating physician or to order a consultative examination is entirely discretionary based upon whether the ALJ believes it necessary, here, the ALJ made it clear that he felt it necessary. 20 CFR 416.920b; (*Id*. at 543). As discussed above, the ALJ stated it would be "entirely appropriate" to re-contact Dr. Scribner for additional evidence. (Tr. at 251.) Additionally, The ALJ stated, "[t]he assessment of the existence and extent of limitations due to pain is *essential* to make a final determination" (*Id*. at 543.) (emphasis added).

Although only raised by a general objection and not specifically plead by Plaintiff, the primary issue before the Court is whether the ALJ tried to fully and fairly develop the record when he failed to complete a request for a Pain CE and did not re-contact Dr. Scribner. If the ALJ determines the record is insufficient or inconsistent the ALJ must try to resolve the inconsistency or insufficiency pursuant to 20 CFR § 416.920b(2) and may only make a determination on an incomplete record when "despite efforts to obtain additional evidence, the evidence is insufficient to determine whether [Plaintiff is] disabled." 20 CFR 416.920b. The statements provided by the ALJ regarding why he did not attempt to obtain additional medical evidence are inadequate to convince the Court that sufficient effort to develop the record was made. Without identifying who told the ALJ that these requests to obtain addition evidence

7

would be "futile," or even describing the similarities between this case and the other cases where the ALJ claimed he was told such a request could not be effectuated, there is no way for the Court to determine if the Pain CE and re-contacting Dr. Scribner could or could not have been done. (*Id*. at 251.) Additionally, the ALJ had taken steps to obtain a Pain CE by drafting a request for a consultative examination. The effort to simply submit that request to create a record of the denial for the Court to review and conclude the test was unavailable would have been *de minimis*. (*Id*. at 543.) Without taking this additional step, the ALJ failed to "try" to obtain additional medical records as required by 20 CFR 416.920b. 20 CFR 416.920b ("We will try to resolve the inconsistency or insufficiency by taking any one or more of the actions listed in paragraphs (c)(1) through (c)(4) of this section.")

Thus, because the ALJ deemed re-contacting Dr. Scribner and a Pain CE necessary to develop the record, but then failed to make a sufficient attempt to do so, his findings are not supported by substantial evidence. Additionally, this error was harmful as the ALJ expressly stated that the undeveloped recorded impeded an award of benefits. As such, the case must be remanded for the ALJ to develop the record by re-contacting Dr. Scribner and ordering the Pain CE.

The Court accordingly finds that the case be **REVERSED and REMANDED** for reconsideration of whether Plaintiff's left hip pain is a "severe" medically determinable impairment upon ordering a Pain CE and re-contacting Dr. Scribner.

## CONCLUSION

In light of the foregoing, pursuant to 42 U.S.C. § 405(g), the Court finds that the final decision of the Commissioner should be **REVERSED and REMANDED** for reconsideration in accordance with the findings herein**.**

**So ORDERED and SIGNED this 7th day of August, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE